UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-354 (TJK) |
| | : | |
| JERRY DANIEL BRAUN, | : | |
| | : | |
| Defendant | : | |

### JOINT PRETRIAL STATEMENT

Pursuant to the Court's April 15, 2024, Order (ECF 51), the parties hereby jointly submit this pretrial statement.

**I.     Joint Statement of the Case**

This is a criminal case. The government has charged the defendant, Jerry Daniel Braun, with violating nine federal criminal laws based on his actions at the U.S. Capitol on January 6, 2021. Specifically, the government alleges that Mr. Braun obstructed or interfered with a police officer during a civil disorder; forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Metropolitan Police Department Officer L.L.; in a separate incident on January 6, 2021, forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with police officers using a deadly or dangerous weapon, specifically, a wooden beam; damaged government property, specifically, black metal fencing; and unlawfully entered, engaged in disorderly and disruptive conduct and committed physical violence in the restricted area around the U.S. Capitol building, including with a deadly or dangerous weapon. Mr. Braun denies each charge.

**II.     Estimated Trial Days**

The government expects its case in chief to take 2-3 days. The defense expects its case to be no more than half a day. The parties expect to deliver closing arguments by October 11, 2024.

1

### III. Outstanding Motions

a) Government's Omnibus Motion in Limine, ECF No. 53.
b) Defendant's Motion in Limine to Preclude All Discussion of Signs, Barricades, or Announcements Not Seen or Heard By the Defendant, ECF No. 59.
c) Defendant's Motion to Dismiss Count Two of the Indictment, ECF No. 60.[1]

### IV. Proposed Voir Dire

The parties' proposed voir dire is attached as Exhibit 1.

### V. Joint Proposed Jury Instructions

The parties' joint proposed jury instructions are attached as Exhibit 2. As the jury instructions reflect, the government does not plan to proceed on Count Two (the violation of 18 U.S.C. § 1512(c)(2)) and plans to proceed on Count Five (the violation of 18 U.S.C. § 1361) as a misdemeanor, not a felony. The defendant has no objection to the changes to the charges as amended.

### VI. List of Expert Witnesses

The parties do not plan to call expert witnesses at trial. In the event either party learns of new circumstances that warrant expert testimony, that party will promptly notify the Court and opposing counsel.

### VII. List of Prior Convictions

The government may use the defendant's two 2006 felony convictions for receipt of stolen property, in violation of California Penal Code 496D(A), for impeachment. The defendant reserves the right to object.

### VIII. Exhibit List

The government's exhibit list is attached as Exhibit 3. The government and defense reserve

---

[1] The government does not plan to move forward on Count Two at the October 7 trial and anticipates that, without conceding that the defendant's arguments are correct, it will not oppose defendant's motion to dismiss Count Two.

the right to supplement the list as they prepare for trial. At this time, the defense is still finalizing its exhibit list; however, the defense does not expect to have any exhibits that had not been previously provided by the government.

IX. **Stipulations**

The parties have had initial discussions regarding stipulations, and the government has proposed stipulations regarding the following topics:

a) The defendant's identity.
b) The authenticity of video exhibits, including U.S. Capitol Police surveillance footage, Metropolitan Police Department body-worn camera footage, and third-party videos.
c) The authenticity of items extracted from the defendant's cellular telephone.
d) The authenticity of business records.
e) Facts relating to the jurisdictional elements of 18 U.S.C. § 231(a)(3); specifically, the civil disorder's effect on commerce and federally protected functions.
f) Facts regarding the certification of the Electoral College vote and the Capitol Building and Grounds.

The parties plan to submit to the court any stipulations reached prior to the beginning of the trial.

X. **Judicial Notice**

The government requests that the Court take judicial notice of the following widely reported facts.

On January 6, 2021, a rally took place in support of former President Donald Trump at the Ellipse near the White House in Washington, D.C.  Former President Donald Trump spoke at the rally beginning at approximately 12:00 p.m., and ending at approximately 1:10 p.m.

On January 6, 2021, at approximately 2:30 p.m., in response to the events taking place at the U.S. Capitol, Washington, D.C. Mayor Muriel Bowser ordered a citywide curfew from 6:00 p.m. that night until 6:00 a.m. the following morning.

## XI. Lesser Included Offenses

The government plans to seek a lesser offense (but not a lesser-*included* offense) instruction for Count Four (which, as noted below, will be referred to as Count Three). Specifically, the government will request that the Court instruct the jury as to the elements of both 18 U.S.C. § 111(b) and a felony violation of 18 U.S.C. § 111(a)(1). The government will also seek a lesser-included offense instruction for Counts Six through Eight.

## XII. Proposed Verdict Form

The parties' jointly proposed verdict form is attached as Exhibit 4. Throughout the trial, the parties request that the Court refer to the charged counts sequentially, without referring to Count Two, which the parties anticipate will be dismissed. This would avoid confusing the jury with the gap in numbering and avoid any invitation to the jury to speculate as to the nature of the missing count or the reason the count is not presented for their evaluation.

| **Existing Count (Indictment, ECF 39):** | **To be referred to as:** |
| --- | --- |
| Count One – 18 U.S.C. §§ 231(a)(3) and 2 | Count One |
| Count Three – 18 U.S.C. § 111(a)(1) | Count Two |
| Count Four – 18 U.S.C. § 111(a)(1) and (b) | Count Three |
| Count Five – 18 U.S.C. § 1361 | Count Four |
| Count Six – 18 U.S.C. § 1752(a)(1) and (b)(1)(A) | Count Five |
| Count Seven– 18 U.S.C. § 1752(a)(2) and (b)(1)(A) | Count Six |
| Count Eight– 18 U.S.C. § 1752(a)(4) and (b)(1)(A) | Count Seven |
| Count Nine – 40 U.S.C. § 5104(e)(2)(D) | Count Eight |
| Count Ten – 40 U.S.C. § 5104(e)(2)(F) | Count Nine |

Respectfully submitted,

For the United States:                                              For the Defendant:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/*Alexis J. Loeb*                                                 */s/ John L. Machado*
ALEXIS J. LOEB                                                      John L. Machado, Esq.
CA Bar No. 269895                                                   D.C. Bar. No. 449961
JASON B.A. MCCULLOUGH                                               Counsel for Jerry Braun
DC Bar No. 998006; NY Bar No. 4544953                               503 D Street, N.W., Suite 310
Assistant United States Attorneys                                   Washington, DC 20001
601 D Street NW                                                     (703) 989-0840
Washington, DC 20530                                                johnlmachado@gmail.com
(415) 436-7200
alexis.loeb@usdoj.gov
(202) 252-7233
jason.mccullough2@usdoj.gov