IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **CASE NO. 23-cr-354 (TJK)** |
| **JERRY DANIEL BRAUN,** | |
| Defendant. | |

### UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM ASSERTING A DEFENSE OF PUBLIC AUTHORITY

The defendant filed a notice of his intent to raise a defense of public authority on October 5, 2024 (ECF 89).[1] The government files this brief motion *in limine* to preclude the defendant from asserting a defense of public authority or making such suggestions to the jury. While the government previously touched on this topic in its omnibus motion *in limine* (ECF 53 at 5-7 (discussing entrapment by estoppel and referencing Judge Howell's opinion on public authority in *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021)), the government files this brief supplement to present the Court with the applicable legal standard for the public authority defense and the reasons it should be rejected here.

### LEGAL PRINCIPLES

As courts in this district have explained, the entrapment-by-estoppel and public authority defenses are closely related and derive from a constitutional prohibition against "convicting a citizen for exercising a privilege which the State had clearly told him was available to him." *United States v. Sheppard*, No. 21-cr-203, 2022 WL 17978837 at *7 (D.D.C. Dec. 28, 2022) (J. Bates)

---

[1] The notice was untimely, and the defense could be precluded on these grounds alone.

(quoting *Cox v. Louisiana*, 379 U.S. 559, 571 (1965)). However, both defenses are narrow, and a defendant can only use them if he meets rigorous evidentiary requirements. *See United States v. Alvarado*, 808 F.3d 474, 484–85 (11th Cir. 2015) ("[A] defendant will not be allowed to assert the [public authority] defense, or to demand the jury be instructed on it, unless he meets certain evidentiary prerequisites.").

To succeed on an entrapment-by-estoppel claim, a defendant must prove:

1. That a government agent actively misled him about the state of the law defining the offense;

2. That the government agent was responsible for interpreting, administering, or enforcing the law defining the offense;

3. That the defendant actually relied on the agent's misleading pronouncement in committing the offense; and

4. That the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (J. Howell) (quoting *Cox*, 906 F. 3d at 1191). A similar four-part analysis applies to the public authority defense. [A]n individual must

1. reasonably, on the basis of an objective standard,

2. rely

3. on a conclusion or statement of law

4. issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field.

*Sheppard*, 2022 WL 17978837 at *8 (quoting *United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976)). Common between these standards is, among other things, that a government official must offer a statement of the law.

The defendant cannot argue that, in urging his supporters toward the Capitol, former President Trump made any "statement of law."  As courts in this district have observed, "President Trump neither stated nor implied that entering the restricted area of the Capitol grounds and the Capitol building . . . was lawful." *Sheppard*, 2022 WL 17978837 at *9. Rather:

> [Trump]'s speech simply suggests that it would be an act of "boldness" to "stop the steal." Thus, allowing [the defendant's] reliance on these words would be an instance of allowing "following orders, without more, [to] transform an illegal act into a legal one"—something the D.C. Circuit has unequivocally declined to do.

*Id.* (quoting *United States v. North*, 910 F.2d 843, 879 (D.C. Cir. 1990) (per curiam), opinion withdrawn and superseded in part on reh'g, 930 F.2d 940 (D.C. Cir. 1990)).

Even if former President Trump had made a statement about the law, allowing such a statement to immunize the defendant's conduct would raise serious constitutional concerns. As Judge Howell observed when considering another January 6 defendant's attempt to raise an entrapment-by-estoppel defense, "No American President holds the power to sanction lawless actions because that would make a farce of the rule of law." *Chrestman*, 525 F. Supp. 3d at 32. No defendant could have "acted under the belief President Trump had waived the entire corpus of criminal law as it applied to the mob." *Id.*  The President cannot "proactively waive the criminal law." *United States v. Eicher*, No. CR 22-38 (BAH), 2023 WL 3619417, at *5 (D.D.C. May 23, 2023).

To allow an entrapment-by-estoppel or public authority defense in this case based on President Trump's statements would implicate both the Take Care clause of the constitution and the presidential oath of office, and more fundamentally question the nature of the rule of law in America. *Cf. Eicher*, 2023 WL 3619417, at *3 n.4 (acknowledging the risk in permitting a defense

3

that would "shield from prosecution criminal conduct undertaken at the mere insinuation of a king—or in this case, a president").

Several courts in this district have considered various defendants' arguments that the former president's words, or the actions of law enforcement, immunized their actions on January 6. To the government's knowledge, all of these arguments have failed. See, e.g., *Sheppard*, 2022 WL 17978837 at *9 (prohibiting defendant from seeking discovery or presenting evidence at trial on entrapment-by-estoppel or public authority defenses); *United States v. Thompson*, No. 21-cr-161 (RBW) (D.D.C. Mar. 23, 2022) (concluding that public authority and entrapment-by-estoppel defenses were not appropriate).

As these decisions acknowledge, the defendant cannot bring this defense because (1) the President lacked authority, (2) did not authorize the conduct ("go to the Capitol" does not mean attack officers; and he never said any of this was *lawful*), and (3) any reliance would be unreasonable. As Judge Bates observed:

> At best, the Former President's words only encourage those at the rally to march to the Capitol—nothing more—and do not address legality at all. But, although his express words only mention walking down Pennsylvania Avenue to the Capitol, one might conclude that the context implies that he was urging protestors to do something more—perhaps to enter the Capitol building and stop the certification.[7] But even if so, there is simply no indication that Trump informed the protestors that doing so would be legal, as required to make out either defense. His speech simply suggests that it would be an act of "boldness" to "stop the steal." Thus, allowing Sheppard's reliance on these words would be an instance of allowing "following orders, without more, [to] transform an illegal act into a legal one"—something the D.C. Circuit has unequivocally declined to do.

*Sheppard*, 2022 WL 17978837, at *9 (*quoting North*, 910 F.2d at 881).

## CONCLUSION

Therefore, the Court should preclude the defense from making arguments or attempting to introduce evidence in support of any entrapment-by-estoppel or public authority defense.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Jason McCullough*
JASON B.A. MCCULLOUGH
DC Bar No. 998006; NY Bar No. 4544953
ALEXIS J. LOEB
CA Bar No. 269895
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
(202) 252-7233
jason.mccullough2@usdoj.gov
(415) 436-7200
alexis.loeb@usdoj.gov