# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERRY DANIEL BRAUN,<br><br>    *Defendant*. | Criminal Action No. 23-354 (TJK) |

## MEMORANDUM ORDER

Nearly six months ago, the Court scheduled trial to begin on October 7, 2024. *See* ECF No. 51. Then, on October 2, 2024—five days before trial—Attorney George T. Pallas entered an appearance on Defendant's behalf and moved to continue the trial date. ECF Nos. 71, 72. Relying on *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), Defendant argues that he has a right to paid counsel of his choosing and that a violation of that right requires no prejudice and constitutes reversible error not subject to harmless-error review. ECF No. 72 at 1. The Government opposes the motion, arguing that *Gonzalez-Lopez* does not grant Defendant an "an absolute right to retain counsel of one's choosing" and does not require a continuance here. ECF No. 75 at 2. After weighing the relevant factors, the Court agrees that a continuance is unwarranted and will deny the motion.

To begin, the Court struggles to see *Gonzalez-Lopez*'s direct relevance. *Gonzalez-Lopez* did not involve a denial of a motion to continue at all, much less one made less than a week before trial. *See* 548 U.S. at 142–44 (identifying the district court's erroneous denial of various pro hac vice motions as the decisions that violated the defendant's rights). Instead, the Supreme Court in that case was tasked with "decid[ing] whether a trial court's erroneous deprivation of a criminal defendant's choice of counsel entitles him to a reversal of his conviction." 548 U.S. at 142. Thus,

that case is about the proper remedy for erroneously preventing a qualified attorney from representing a defendant. *See id.* But here, nothing has prevented Attorney Pallas from entering his appearance and representing Defendant. On the contrary, since his appearance, Attorney Pallas has actively participated in Defendant's defense. *See* ECF Nos. 74–81, 89–90. So *Gonzalez-Lopez* seems inapposite.

To the extent *Gonzalez-Lopez* is relevant, it does not justify a continuance. As the Supreme Court recognized in that case, "the right to counsel of choice 'is circumscribed in several important respects.'" *Gonzalez-Lopez*, 548 U.S. at 144 (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). One of the most important of those limitations is that "[t]he right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice[] and deprive such courts of the exercise of their inherent powers to control the same.'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). Defendant recognizes this limitation, calling "[a]dherence to a trial date . . . a significant consideration" and noting the relevance of "disrupt[ions] [to] the fair, efficient and orderly administration of justice" in this arena. *See* ECF No. 88 at 11–12 (citing *United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015)). As the D.C. Circuit has explained, denying a continuance to permit a defendant to choose his own paid attorney does not violate that defendant's Sixth Amendment rights as long as, "upon evaluation of the totality of the circumstances, [the district court] reasonably concludes that the delay would be unreasonable in the context of the particular case." *Burton*, 584 F.2d at 490. Relevant factors in this totality-of-the-circumstances analysis include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the

> defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

*Id.* at 490–91.

Here, the Court finds that granting Defendant's motion would "significantly disrupt[] the schedules of the court and the prosecution." *United States v. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990). This case has been pending for nearly two-and-a-half years now and has been continued several times. *See, e.g.*, ECF Nos. 10, 17, 19, 22, 25, 28, 32, 32. Importantly, as the Government represents without contradiction, the Court set the October 7 trial date "far enough in advance . . . to allow Mr. Braun time to substitute counsel" and "clearly stated that any new counsel would need to be prepared to try the case on October 7." ECF No. 75 at 3. But Defendant concedes that he did not actively work toward retaining paid counsel until just last week. ECF No. 88 at 7. Whatever the reasons for that delay, it is still a delay attributable to Defendant. *See Burton*, 584 F.2d at 491.

The Government also asserts that it and its witnesses have already invested significant resources in making final trial preparations. *See* ECF No. 75 at 7. Those investments would be substantially wasted if this case were continued for the two or three months that Defendant seeks. *See* ECF No. 72 at 2.[1] In addition, Defendant has identified no prejudice that he would suffer absent a continuance. *See Burton*, 584 F.2d at 491. And along with Attorney Pallas, he will still be represented by the attorney who has been competently defending him for the past two years. *See id.* Even assuming Defendant's motion is made in good faith and for no dilatory purpose, after

---

[1] Indeed, the length of the requested continuance is itself a relevant factor supporting finding additional delay unreasonable. *Burton*, 584 F.2d at 490

3

considering all the *Burton* factors, the Court finds that "delay would be unreasonable in the context of [this] particular case." *Id.* at 490.

*   *   *

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Continue Trial Date, ECF No. 72, is **DENIED**.

**SO ORDERED.**

                                                                       /s/ Timothy J. Kelly
                                                                       TIMOTHY J. KELLY
                                                                       United States District Judge

Date: October 7, 2024